IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JOYCE A. LAWSON, )
)
        Plaintiff, )
)
v. ) No. 05-4026-SSA-CV-C-WAK
)
JO ANNE B. BARNHART, Commissioner, )
Social Security Administration, )
)
        Defendant. )

**ORDER**

    Claimant Joyce A. Lawson seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq.* The parties' briefs were fully submitted, and on January 30, 2006, an oral argument was held.

    "Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from physical or mental disability, and Title XVI provides for the payment of disability to indigent persons. The Act further provides that 'an individual shall be determined to be under disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)" Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

    In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not,

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Joyce Lawson was born in 1948, and has completed her GED. She filed an application for Social Security disability and Supplemental Security Income benefits on March 18, 2003. Plaintiff alleges she became disabled on October 1, 2002. Claimant's previous work experience includes bartender, assembly, soldering, convenience store clerk and sewing machine operator.

The administrative law judge (ALJ) found Lawson had the medically-severe impairments of chronic lumbar pain, narrowing of the cervical spine, early onset dysthymic disorder, major depression, obesity, degenerative disc disease, lumbar, and left hip pain.

Claimant asserts the ALJ should have given greater and/or controlling weight to her nonexertional emotional impairments and the March 2, 2004, Medical (Mental) Assessment Report of Dr. Favazza. She further asserts the residual functional capacity assigned to her was in error.

The ALJ relied upon the treatment records of Drs. Newton, Kronk, and Rundee, but discounted Dr. Favazza's Medical (Mental) Assessment Report. The severity of plaintiff's mental condition as indicated in Dr. Favazza's Medical (Mental) Assessment Report is not supported by plaintiff's treatment records, and is inconsistent with Dr. Favazza's previous reports. A report dated March 5, 2003, signed by Dr. Favazza, states that "Joyce will be able to function socially and at her job by taking medication to keep anxiety/panic/depression at manageable levels."

"It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. See Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996); Bentley v. Shalala, 52 F.3d 784, 785 (8th Cir. 1995). The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole. Bentley, 52 F.3d at 786." Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001).

Clearly, there are documents in the file suggesting that claimant has both physical and mental impairments that would affect her ability to work on a daily basis. However, there are also documents which suggest that even with these impairments, claimant has the ability to perform relevant work.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medial reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605.

Here, the ALJ has adequately explained his reasons for discounting the Medical (Mental) Assessment Report of Dr. Favazza, and for discounting claimants's subjective complaints and testimony. His conclusions are supported by substantial evidence on the record as a whole.

3

Given the standard for review as set forth earlier in this opinion and for the reasons set forth in the Commissioner's brief and at oral argument, it is

    ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

    Dated this 28th day of February, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

4